Dear Mr. Stutes:
This office is in receipt of your opinion request regarding the procedural requirements for a district attorney to dispose of forfeited property under the Louisiana Drug Racketeering Act, LSA-R.S. 15:1351 et seq. Specifically, you raise the following question:
 Whether the district attorney may dispose of such forfeited property by notarial act upon receipt of a commercially feasible offer by a private citizen, with allocation of the proceeds from the sale of the disposed property to the law enforcement agencies recognized by virtue of the original judgment of forfeiture?
R.S. 15:1356 (A) provides for the disposition of forfeited property as follows:
 A. (1) All property, immovable or movable, including money, used in the course of, intended for use in the course of, derived from, or realized through, conduct in violation of a provision of R.S. 15:1353 is subject to civil forfeiture to the state. Any injured person shall have an in rem right or claim to forfeited property or to the proceeds derived therefrom superior to any right or claim the state has in the same property or proceeds. The state shall dispose of all forfeited property as soon as commercially feasible.[1] (emphasis added).
LSA-R.S. 15:1353 prohibits the use or investment of any proceeds derived from a pattern of racketeering activity. The Louisiana Supreme Court has interpreted LSA-R.S. 15:1353 to be an anti-laundering statute permitting the pursuit of drug-related funds which have been invested in real estate or in business enterprises by persons who knew the source of the funds. State v.Nine Savings Accounts, 553 So.2d 823 (La. 1989). In this respect, LSA-R.S. 15:1356 provides for the forfeiture of laundered drug-related funds. However, the procedure for disposing of such funds is not clearly set forth in the statute.
It is a general rule of legislative interpretation that statutes relating to the same thing or which have a common purpose are to be construed together. LSA-R.S. 40:2601 et seq., Seizure and Controlled Dangerous Substances Property Forfeiture Act of 1989, provides for the seizure and forfeiture of property and controlled dangerous substances. Both LSA-R.S. 40:2601 et seq. and LSA-R.S. 15:1351 et seq. share a common purpose and should be construed together. Further, "what is clear in one statute may be called in aid to explain what is doubtful in another." State v.Maloney, 39 So. 539 (La. 1905) and State v. Freeman,411 So.2d 1068 (La. 1982). Accordingly, it is the opinion of this office that a district attorney should follow the procedures delineated in the Seizure and Controlled Dangerous Substances Property Forfeiture Act of 1989 (R.S. 40:2601 et seq.) when disposing of property forfeited under the Louisiana Racketeering Act (R.S.15:1351 et seq.).
LSA-R.S. 40:2616 (A)(3) allows the district attorney to authorize a public sale without appraisal of forfeited property which is not required to be destroyed and which is not harmful to the public. Therefore, it is the opinion of this office that a district attorney may not dispose of forfeited property by notarial act upon the receipt of a commercially feasible offer by a private citizen. The existence of a commercially feasible offer does not outweigh the requirement of a public sale under LSA-R.S.40:2616 (A)(3).
We trust the foregoing has been helpful. Should you have any further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: FREDERICK C. WHITROCK Assistant Attorney General
RPI/FCW/KJL/tp
[1] The reference to the "State" in this section refers to the state as party plaintiff acting through the district attorney. See La. Op. Atty. Gen. 90-162.